1

2

3

4

5

6

7           IN THE UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9   AMANDA U. LEVY,

10          Plaintiff,                    No. 2:13-cv-0068 GEB DAD PS

11     v.

12   KIISFM AND CLEARCHANNEL,             FINDINGS AND RECOMMENDATIONS

13          Defendants.

14   _____/

15          Plaintiff Amanda Levy is proceeding in this action pro se.  This matter was

16   referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

17   Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

18          Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C.

19   § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis

20   status does not complete the inquiry required by the statute.  "'A district court may deny leave to

21   proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that

22   the action is frivolous or without merit.'"  Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th

23   Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See

24   also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to

25   examine any application for leave to proceed in forma pauperis to determine whether the

26   proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

1   bound to deny a motion seeking leave to proceed in forma pauperis.").  Moreover, the court must

2   dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or

3   if it is determined that the action is frivolous or malicious, fails to state a claim on which relief

4   may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. §

5   1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.

6   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

7   (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is

8   based on an indisputably meritless legal theory or where the factual contentions are clearly

9   baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

10          To state a claim on which relief may be granted, the plaintiff must allege "enough

11   facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550

12   U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

13   accepts as true the material allegations in the complaint and construes the allegations in the light

14   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

15   Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

16   1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

17   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

18   true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

19   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

20          The minimum requirements for a civil complaint in federal court are as follows:

21          A pleading which sets forth a claim for relief . . . shall contain (1) a
           short and plain statement of the grounds upon which the court's
22          jurisdiction depends . . . , (2) a short and plain statement of the
           claim showing that the pleader is entitled to relief, and (3) a
23          demand for judgment for the relief the pleader seeks.

24   Fed. R. Civ. P. 8(a).

25          Here, plaintiff's amended complaint does not contain a short and plain statement

26   of plaintiff's claim showing that she is entitled to relief.  In her amended complaint plaintiff

2

alleges as follows.  On June 5, 2010, plaintiff "signed an independent contract with Defendant."
(Am. Compl. (Doc. No. 7) at 2.)  "Defendant promised they would report her plays to Sound
Exchange.  In turn, Sound Exchange would pay her royalties." (Id.)  Despite the fact that
plaintiff's songs have more than one million plays, plaintiff did not receive any royalties.  (Id.)
Plaintiff arrived at defendant's building in February of 2012, but was bullied into leaving by
defendant's "female assistant." (Id.)  "Some women enjoy bullying Plaintiff for not aging," as
"[h]er own son has outgrown her in age and height." (Id.)  On August 31, 2012, KIISFM radio
host "Ellen K," and "Host at Dancing With the Stars, Brooke Burke," invited plaintiff to see a
movie. (Id.)  However, the "women invited her so as to bully her." (Id.)  After eating several
hors d'oeuvres, plaintiff's "stomach bloated to amazing proportions" and "she thought she was
pregnant." (Id.)  Plaintiff alleges that defendants "were jealous" and purposefully "bloated her
stomach . . . ." (Id.)  Based upon these allegations plaintiff claims in her amended complaint that
she was discriminated against based on her national origin and physical disability in violation of
Title VII. (Id. at 3.)

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment
practice for an employer . . .  to discriminate against any individual with respect to his
compensation, terms, conditions, or privileges of employment, because of such individual's race,
color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a) (1).  Though the amended
complaint identifies plaintiff's national origin, it does not allege in any way how defendant
discriminated against plaintiff based thereon.

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v.
Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels
and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor
does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

1  enhancements.'" <u>Ashcroft v. Iqbal</u>, 556 U.S.662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at

2  555, 557).  A plaintiff must allege with at least some degree of particularity overt acts which the

3  defendants engaged in that support the plaintiff's claims.  <u>Jones</u>, 733 F.2d at 649.

4  　　　　Moreover, Title VII protects only employment relationships: "The operative term

5  for purposes here is 'employment.'  That is, the clause presumes the existence of an

6  employer-employee relationship . . . in contrast to, for example, an independent contracting

7  relationship." <u>Bender v. Suburban Hosp., Inc.</u>, 159 F.3d 186, 189 (4th Cir. 1998).  There must be

8  some interference with an employment relationship, as opposed to an independent contractual

9  relationship, for Title VII protections to apply.  <u>Mitchell v. Frank R. Howard Mem. Hosp.</u>, 853

10  F.2d 762, 767 (9th Cir. 1988).  Here, the amended complaint does not allege that any named

11  defendant employed plaintiff.

12  　　　　For these reasons, plaintiff's amended complaint fails to state a claim on which

13  relief may be granted.  The court has carefully considered whether plaintiff may further amend

14  her complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave

15  to amend include undue delay, bad faith, prejudice, and futility." <u>California Architectural Bldg.</u>

16  <u>Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988).  <u>See</u> <u>also</u> <u>Klamath-Lake</u>

17  <u>Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

18  while leave to amend shall be freely given, the court does not have to allow futile amendments).

19  In light of the obvious deficiencies of the amended complaint noted above, the court finds that it

20  would be futile to grant plaintiff leave to amend.[1]

21  /////

22  /////

23  /////

24

25  　　　[1] Moreover, "the court notes that this complaint appears to be one of several hundred
frivolous complaints that plaintiff has filed all over the country." <u>Amanda U. Levy v. 7-Eleven</u>
26  <u>Store</u>, No. 2:13-cv-982 JAM EFB PS, 2013 WL 2286274, at *3 (E.D. Cal. May 23, 2013).

Accordingly, IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's January 14, 2013 application to proceed in forma pauperis (Doc. No. 2) be denied;

2.  Plaintiff's May 9, 2013 amended complaint (Doc. No. 7) be dismissed without leave to amend; and

3.  This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 18, 2013.

Dale A. Drozd
_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\levy0068.ifp.den.f&rs